UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

* * * * * * *

Larry Carter,

        Plaintiff,

-vs-

Benteler Automotive Holland, Inc.,

        Defendant.

Case No. 1:21-cv-895

---

GUINAN BISONET, PLLC
Brook J. Bisonet (P70849)
Attorneys for Plaintiff
128 Columbus Avenue
Grand Haven, Michigan 49417
(616) 847-1234
brook@thirdcoastlaw.com

---

## COMPLAINT

### GENERAL ALLEGATIONS

1. This is an action for violations of Americans with Disabilities Act of 1990, ("ADA").

2. Larry Carter ("Plaintiff") was employed by Benteler Automotive Holland, Inc. ("Defendant"). Plaintiff seeks monetary and equitable relief to which he is entitled under the law.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked under 28 U.S.C. § 1331 because the claim is based on a federal question.

4. Venue is proper because all of the events which form the basis of this Complaint occurred in Ottawa County, located within the Western District of Michigan, 28 U.S.C. § 1391.

## PARTIES

5.     Plaintiff is a resident of Norton Shores in Muskegon County, Michigan.

6.     Defendant is a corporation organized under the laws of the State of Michigan and doing business in Ottawa County, Michigan.

## BACKGROUND

7.     Mr. Carter was employed by Defendant and last worked at Defendant's Holland facility.

8.     In 2017, Mr. Carter was injured while working at Defendant's Holland facility.

9.     On July 9, 2018, Mr. Carter returned to work with physician required restrictions.

10.    On July 10, 2019, Mr. Carter's physician provided medical restrictions that stated no lifting/twisting/pushing/pulling +10 lbs.

11.    Benteler refused to accommodate Mr. Carter and instead provided unpaid time off.

12.    On August 6, 2019, Mr. Carter returned to work at Defendant's Holland facility.

13.    On August 30, 2019, Mr. Carter's physician provided medical restrictions that stated no lifting/twisting/pushing/pulling +20 lbs.

14.    On September 28, 2019, Mr. Carter was placed on Medical leave.

15.    On December 8, 2019, Mr. Carter returned to work with physician provided medical restrictions that stated no lifting/twisting/pushing/pulling +20 lbs.

16.    On January 8, 2020, Mr. Carter's physician provided medical restrictions that stated no lifting/twisting/pushing/pulling +10 lbs for 3 months.

17.    On January 23, 2020, Defendant decided it would no longer accommodate the medical restrictions.

18.    Defendant's "accommodation" was to provide unpaid time off.

2

19. On September 15, 2020, Mr. Carter provided medical restrictions that stated no lifting/twisting/pushing/pulling +10 lbs.

20. In response, Defendant terminated Mr. Carter's employment and stated that any accommodation of the medical restrictions would create an undue hardship on Defendant.

21. Mr. Carter filed a charge with the Michigan Department of Civil Rights and the Equal Employment Opportunity Commission and has exhausted her administrative remedies.

### Count I - Violation of the Americans with Disabilities Act

22. Plaintiff fully incorporates all prior paragraphs as if fully stated in this Count.

23. At all relevant times, Plaintiff was an individual with a *disability* within the meaning of §3(2) of the ADA, 42 U.S.C. § 12102(2). Specifically, Plaintiff has a physical impairment that substantially limits one or more of his major life activities.

24. Alternatively, at all relevant times, Plaintiff was an individual with a *disability* within the meaning of §3(2) of the ADA, 42 U.S.C. § 12102(2). Specifically, Plaintiff has a record of the impairment.

25. Alternatively, at all relevant times, Plaintiff was an individual with a *disability* within the meaning of §3(2) of the ADA, 42 U.S.C. § 12102(2). Specifically, Plaintiff is regarded by Defendant as having the impairment.

26. Plaintiff is a *qualified individual with a disability* as that term is defined in the ADA. 42 U.S.C. § 12111(8). Plaintiff is an individual who, with or without a reasonable accommodation, can perform the essential functions of his job with Defendant.

27. Defendant terminated Plaintiff's employment based on the fact that Plaintiff had a disability as defined as having a physical impairment that substantially limits one or more of his major life activities.

28. Defendant's decision to terminate Plaintiff's employment based on the fact that Plaintiff had a disability as defined as having a physical impairment that substantially limits one or more of his major life activities constitutes a violation of the ADA, 42 U.S.C. § 12112(a).

29. Alternatively, Defendant terminated Plaintiff's employment based on the fact that Plaintiff had a record of the impairment.

30. Defendant's decision to terminate Plaintiff's employment based on the fact that Plaintiff had a record of the impairment constitutes a violation of the ADA, 42 U.S.C. § 12112(a).

31. Alternatively, Defendant terminated Plaintiff's employment based on the fact that Plaintiff is regarded by Defendant as having the impairment.

32. In rejection of Plaintiff's request for accommodation, Defendant refused to find a suitable position for Plaintiff.

33. Defendant's failure to make reasonable accommodations for Plaintiff constitutes discrimination against Plaintiff in respect to the terms, conditions, or privileges of employment. This conduct constitutes a violation of the ADA. 42 U.S.C. § 12112(b)(5)(A).

34. Defendant failed to undertake any good-faith efforts, in consultation with Plaintiff, to identify and make a reasonable accommodation for Plaintiff.

35. Defendant's decision to terminate Plaintiff's employment based on the fact that Plaintiff is regarded by Defendant as having the impairment constitutes a violation of the ADA, 42 U.S.C. § 12112(a).

36. Defendant conducted itself with malice or with reckless indifference to Plaintiff's federally protected rights.

37. As a direct and proximate result of Defendant's discrimination on the basis of disability, Plaintiff has suffered lost wages, benefits, and loss of employment opportunities.

38.     As a direct and proximate result of Defendant's discrimination on the basis of disability, Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

PLAINTIFF REQUESTS that this Honorable Court enter judgment against Defendant as follows:

a. Compensatory damages in whatever amount over $25,000 Plaintiff is found to be entitled.
b. An award of back pay and the value of lost fringe benefits and pension benefits, past and future.
c. Exemplary damages in whatever amount over $25,000 Plaintiff is found to be entitled.
d. An award of interest, costs, and reasonable attorney fees.

Respectfully submitted,

Dated:  October 21, 2021

Guinan Bisonet, PLLC
Attorneys for Plaintiff

By: /s/ Brook J. Bisonet
    Brook J. Bisonet (P70849)